# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROBERT L. WRIGHT,**
**DOC # U01281,**

      **Plaintiffs,**

**vs.**                             **Case No. 4:24cv296-MW-MAF**

**OFFICER S.J. MILBURN,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is a pro se prisoner, submitted a civil rights complaint, ECF No. 1, to this Court on July 25, 2024.  Plaintiff filed an in forma pauperis motion, ECF No. 2, as well as other documents, ECF Nos. 4-5, which have not been reviewed.

A prisoner is entitled to in forma pauperis status only if the prisoner meets the qualifications of 28 U.S.C. § 1915(g) - that is, he has not brought "3 or more prior occasions" which were dismissed on the grounds that the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."  28 U.S.C. § 1915(g).  Review of Plaintiff's complaint reveals that Plaintiff acknowledges having had 3 prior cases dismissed for reasons which count as a "strike" under § 1915(g).  ECF No. 1 at 10.

Plaintiff acknowledged previously filing case numbers 4:24cv6-MW-MAF, 4:24cv11-AW-MAF, and 4:24cv12-MW-MAF, and he lists those cases as having been dismissed for a reason which counts as a "strike." *Id.*  In reality, case number 4:24cv06-MW-MAF was dismissed for failure to comply with court orders.  ECF No. 26 of that case.  In the usual case, a dismissal for failure to comply with a court order is the same as "failure to prosecute," but does not  count as a "strike."  *See* Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008) (stating "[a] dismissal for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g)").  In other words, it is not the failure to comply with an order to file an amended complaint that is problematic.  The Allen Court counted the dismissal as a strike because "Plaintiff's response (to the court's order to show cause why the case should not be dismissed for failure to prosecute and failure to serve process) was frivolous."  Allen 266 F. App'x at 817.  That was not the

situation in case number 4:24cv06; there was no frivolous response. The

same is true for case number 4:24cv11-AW-MAF; it was dismissed for

failure to prosecute only and does not count as a "strike." ECF No. 10 of

that case.

However, case number 4:24cv12-MW-MAF was dismissed both as

frivolous and for failure to comply with a court order. ECF No. 11 of that

case. That dismissal properly counts as a "strike."

Thus, of the three cases Plaintiff acknowledged, only one case

dismissal is a "strike" under 28 U.S.C. § 1915(g). Even so, Plaintiff did not

properly list all of his prior cases, or those dismissed for reasons which

count as a "strike." ECF No. 1 at 10-11. Judicial notice is taken that

Plaintiff has filed more than a dozen cases in this Court in 2024 alone.[1]

Plaintiff filed case number 4:24cv17-WS-MAF in this Court in January

2024. It was dismissed on April 9, 2024, "as a shotgun pleading, as

malicious based on [Plaintiff's] affirmative misrepresentations regarding his

litigation history, for failure to comply with court orders, and for failure to

---

[1] Plaintiff has filed these cases: 4:24-cv-00006-MW-MAF; 4:24-cv-00011-AW-MAF;
4:24-cv-00012-MW-MAF; 4:24-cv-00017-WS-MAF; 4:24-cv-00051-AW-MAF;
4:24-cv-00060-WS-MAF; 4:24-cv-00088-MW-MAF; 4:24-cv-00107-AW-MAF;
4:24-cv-00108-WS-MAF; 4:24-cv-00132-WS-MJF; 4:24-cv-00142-MW-MJF;
4:24-cv-00155-WS-MAF; 4:24-cv-00212-WS-MAF; and 4:24-cv-00235-MW-MAF.

Case No: 4:24cv296-MW-MAF

pay the filing fee." ECF No. 26 of that case. A "malicious" dismissal counts as a strike, and this case is Plaintiff's second strike.

Additionally, Plaintiff filed case number 4:24cv132-WS-MJF in this Court in March 2024. That case was dismissed because Plaintiff's complaint failed to state a claim. ECF No. 19 at that case. That dismissal counts as Plaintiff's third "strike."

All three of the cases cited above were filed while Plaintiff was a "prisoner." Therefore, because Plaintiff has three "strikes," he is not entitled to proceed without paying the filing fee at the time of case initiation unless Plaintiff alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff presents no such allegations in his complaint, ECF No. 1. Indeed, the named Defendant is an employee of the IRS and is located in Kansas City, Missouri. *Id.* at 2.

This case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he

initiates the suit).  "The prisoner cannot simply pay the filing fee after being

denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to

proceed in forma pauperis, ECF No. 2, be **DENIED** because Plaintiff is not

entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. §

915(g), and this case be **DISMISSED without prejudice**.  It is also

**RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2024.


 S/    Martin A. Fitzpatrick

**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or**

Case No: 4:24cv296-MW-MAF

**recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 4:24cv296-MW-MAF